

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# Baez v. Stine

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Baez v. Stine" (2008). *2008 Decisions.* Paper 1740.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1740

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-54 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3386
_____

JAMES A. BAEZ,

Appellant

v.

WARDEN D. STINE, Duluth FPC; UNIT MANAGER D. BAKER, Duluth FPC;
ENTIRE MEDICAL STAFF, Duluth FPC; WARDEN RONNIE HOLT, Schuylkill FPC;
CAMP ADMINISTRATOR STEVE LAKE, Schuylkill FPC; UNIT MANAGER
ANTHONY PRANTOW, Schuylkill FPC; CASE MANAGER C. BRILL; ENTIRE
MEDICAL STAFF, Schuylkill FPC; PARKHURST, Schuylkill FPC Correctional
Officer; LAPOINT, Schuylkill FPC Correctional Officer; BRADSHAW, Schuylkill FPC
Correctional Officer; MILLER, Schuylkill FPC Correctional Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01191)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2007

Before: McKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 15, 2008)
_____

OPINION
_____

PER CURIAM

In June 2006, James A. Baez, a federal prisoner, filed a pro se civil rights complaint in United States District Court for the Middle District of Pennsylvania, alleging that he was not provided with adequate medical care over an approximately three year period, during which he twice underwent surgery to repair aneurysms. The defendants, prison officials and medical staff at FPC Duluth and FPC Schuylkill, filed a motion to dismiss and for summary judgment. They argued that the District Court lacked personal jurisdiction over the FPC Duluth defendants, that they were entitled to qualified immunity because they were not deliberately indifferent to Baez's medical needs, and that the claims brought against the defendants in their official capacities were barred by sovereign immunity. Relying on those defenses, the District Court granted the motion for summary judgment. Baez appealed. For the reasons that follow, we will summarily affirm.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). We may affirm the District Court's grant of summary judgment on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

2

Personal jurisdiction is "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." Id. (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)). For a court to exercise personal jurisdiction over a defendant, that defendant must have sufficient "minimum contacts" with the forum state, such that subjecting the defendant to the court's jurisdiction "comports with traditional notions of fair play and substantial justice." See Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir.2003) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). We agree with the District Court that Baez did not allege facts sufficient to establish personal jurisdiction over the FPC Duluth defendants in this case.

The District Court also properly granted summary judgment on Baez's claim that the defendants failed to provide him with adequate medical care. Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to establish a constitutional violation, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The alleged violation must be beyond mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

We will assume that Baez's symptoms and ailments presented an objectively serious medical condition. Nevertheless, we agree with the District Court that the conduct of the defendants did not amount to deliberate indifference. As thoroughly

described by the District Court, prison medical staff regularly examined Baez and promptly responded to his complaints. For instance, after he was found unconscious in the shower, Baez was transported by ambulance to a hospital, where surgery was performed. Because a shunt draining excess fluid from Baez's brain became infected, prison staff sent him back to the hospital to have the shunt replaced. Later, Baez complained of an extreme headache, and he was immediately transported to a hospital emergency room. During that visit, and on several other occasions, doctors performed a CT scan of Baez's brain. Doctors also took X-rays and ordered other diagnostic tests. When a cerebral angiogram revealed another aneurysm, doctors surgically repaired it, and when the sutures from that surgery appeared to become infected, Baez was taken back to the hospital for treatment. Prison medical staff performed regular follow-up examinations and prescribed medication to treat Baez's complaints.

Baez has submitted no evidence supporting the contention that the defendants knew of and disregarded an excessive risk to his health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (defining deliberate indifference). Although Baez would have preferred a different course of treatment, and complains that he is "still with pain," his dissatisfaction does not establish a cause of action. See Inmates of Allegheny Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." (citations omitted)).

For the foregoing reasons, we conclude the appeal presents no substantial question.

4

Accordingly, we will summarily affirm.  <u>See</u>  I.O.P. 10.6.